# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

EDDIE FRANK FLOYD, III,

    Plaintiff,

v.

WARDEN DOUG WILLIAMS,

    Defendant.

CIVIL ACTION NO.: 6:15-cv-103

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Presently before the Court are Plaintiff's Motions to Amend his Complaint, Appoint Counsel, and Compel Discovery. (Docs. 22, 25, 26.) For the reasons set forth below, the Court **DENIES** Plaintiff's Motions. Plaintiff has also filed a Motion for Preliminary Injunction, (doc. 30), which I **RECOMMEND** the Court **DENY**.

## BACKGROUND

Plaintiff filed this action *pro se* on September 4, 2015. He brought claims pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, *et seq.*, contesting conditions of his confinement at Smith State Prison in Glennville, Georgia. (Doc. 1.) In his original Complaint, Plaintiff alleged various constitutional and statutory violations stemming from Smith State Prison personnel denying Plaintiff the opportunity to participate in a religious feast. (Id.) The Court directed service of Plaintiff's Complaint to allow Plaintiff to proceed on his claims for injunctive relief and nominal damages under Section 1983. (Docs. 11, 16.) The Court adopted a Report recommending the dismissal of the remainder of Plaintiff's claims. (Doc. 16.) On March 3, 2016, Defendant filed an Answer to

Plaintiff's Complaint. On that same day, the Court issued a Scheduling Notice which specifically stated that May 2, 2016, was the "last day for filing motion[s] to amend or add parties." (Doc. 20.) Plaintiff filed his Motion for Leave to Amend over two months later on July 11, 2016. (Doc. 25.) Plaintiff also filed a Motion to Appoint Counsel on May 31, 2016, (doc. 22), and a Motion for Order Compelling Discovery, (doc. 26).

## DISCUSSION

### I. Plaintiff's Motion to Amend (Doc. 25)

Under Federal Rule of Civil Procedure 15(a), a party may amend his complaint once as a matter of right within twenty-one (21) days after service of a motion under Rules 12(b), (e), or (f).[1] Even when a party may not amend as a matter of right, he may amend with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(b). "The court should freely give leave when justice so requires." Id. "The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer." 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1473 (emphasis added); see also In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). While leave to amend is generally freely given, it is by no means guaranteed. The decision on whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut., Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981).

---

[1] The Eleventh Circuit has made clear that the Prison Litigation Reform Act ("PLRA") does not change this right to amend. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("We agree with the majority of circuits that the PLRA does not preclude the district court from granting a motion to amend. Nothing in the language of the PLRA repeals Rule 15(a)."). Accordingly, the fact that the Court has already conducted a frivolity review of Plaintiff's Complaint and issued a Report and Recommendation does not deprive Plaintiff of his right to amend. Id.

2

Moreover, if a court has entered a scheduling order prescribing a deadline for motions to amend pleadings, a plaintiff seeking leave to amend his complaint after that deadline must demonstrate "good cause." Carter v. Broward Cty. Sheriff's Dep't Med. Dep't, 558 F. App'x 919, 923 (11th Cir. 2014) (citing S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241 (11th Cir. 2009)); see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). In addition, a court need not allow leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." In re Engle Cases, 767 F.3d at 1108–09 (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)).

In his Motion to Amend, Plaintiff states that the Court should "affirm leave freely to amend a complaint." (Doc. 25, p. 1.) However, Plaintiff mistakenly believes that the Court is still operating under the "freely give leave to amend" standard at this stage of the litigation. As stated above, that more lenient standard is only applicable within the sixty-day period after defendants file their responsive pleading. Once the sixty-day deadline as set out by the Scheduling Notice and Local Rule 16.3 has expired, the Court shall only grant leave after a good cause demonstration. Plaintiff provides no explanation, much less a "good cause demonstration," as to why the Court should grant leave to amend. In fact, the proposed Amended Complaint itself only seeks to add one party, Homer Bryson, and one additional fact about other religious groups being able to have a feast.

Even if Plaintiff had not exceeded the deadlines, Plaintiff could not amend his Complaint because his desired amendment does not assert any new cognizable claims. Plaintiff does not provide any details as to why he seeks to add Bryson as a named Defendant, other than

presumably because of his position as Commissioner of the Georgia Department of Corrections. However, Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior.[2] Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011). Plaintiff fails to make any allegations against Bryson.

Additionally, Plaintiff's assertion that Tier II inmates from other religious groups were able to have a feast does not change the fact that Plaintiff cannot bring RLUIPA claims for the reasons set forth in the January 12, 2016, Report and Recommendation. (Doc. 11, pp. 6–8.)

In sum, Plaintiff's desired amendment to his Complaint is untimely and would be futile. For these reasons, the Court **DENIES** Plaintiff's Motion to Amend.

## II. Plaintiff's Motion to Proceed Appoint Counsel (Doc. 22)

In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d

---

[2] The principle that respondeat superior is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipality, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992).

1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Wright, 562 F. App'x at 777 (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010); Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; Wahl, 773 F.2d

5

at 1174). This case is not so legally or factually complex that it prevents Plaintiff from presenting "the essential merits of his position" to the Court.

For these reasons, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel**.**

### III. Plaintiff's Motion to Compel Discovery (Doc. 26)

Plaintiff filed a Motion to Compel Discovery, despite the Court having informed Plaintiff on multiple occasions that discovery materials do not need to be filed with the Court until such time as they are used in the proceeding or the Court orders filing. (Doc. 11, p. 15; Doc. 21, p. 1; Doc. 29.) Even then, Plaintiff has filed four separate Motions to Produce and is now filing a separate Motion to Compel Discovery. (Docs. 18, 23, 26, 27, 28.) However, Plaintiff still does not indicate that he has complied with this Court's Local Rule 26.5. Plaintiff does not provide any grounds he has for filing the Motion, much less reasons to support those grounds. Additionally, Plaintiff provides no certification to show that he has in good faith conferred or attempted to confer with the person or party that allegedly failed to make the disclosure in an effort to obtain a response without Court action. Fed. R. Civ. P. 37(a)(1). Plaintiff simply states that he "submitted a written request" for documents on five different dates. (Doc. 26, p. 2.) He provides no evidence of these submissions, and furthermore, he gives no indication that he at all tried to resolve this dispute before coming to Court. Accordingly, the Court **DENIES** his Motion to Compel.

### IV. Plaintiff's Motion for Preliminary Injunction (Doc. 30)

Finally, in his Motion for a Preliminary Injunction, Plaintiff requests that the Court order Defendant Williams and a wholly new individual, "Kitchen Director Mrs. Cucumbers," to provide bread on Plaintiff's diet tray. (Doc. 30, p. 1.) To be entitled to a temporary restraining order or preliminary injunction, a plaintiff must demonstrate: (1) a substantial likelihood of

6

ultimate success on the merits; (2) that a restraining order or injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the restraining order or injunction would inflict on the other party; and (4) that the restraining order or injunction would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Similarly, a plaintiff requesting a permanent injunction must satisfy the following four-factor test:

> (1) that [the plaintiff] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). Thus, "[t]he standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff must show actual success on the merits instead of a likelihood of success." Siegel v. LePore, 234 F.3d 1163, 1213 (11th Cir. 2000) (Carnes, J., dissenting). In either case, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. State of Ala., 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration and discipline, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped

to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and a less intrusive equitable remedy was available).

Plaintiff's request for a Preliminary Injunction is completely separate from the current case at hand and also seeks to add a new Defendant. Plaintiff gives no explanation as to how the claim relates to the current case. Plaintiff attempts to assert his new claim regarding insufficient bread by way of this Motion, but he cannot do so. Because those claims are not before the Court in Plaintiff's original action, the Court obviously cannot grant Plaintiff preliminary injunctive relief on the claims. Moreover, Plaintiff proposes a new Defendant, Mrs. Cucumbers, who is not properly before the Court. Because Mrs. Cucumbers is not a party to this action, this Court lacks jurisdiction to enter any restraining order or injunction against her. See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs., 72 F.3d 842, 842–43 (11th Cir. 1995) (stating that district court lacks subject-matter jurisdiction to issue preliminary or permanent injunction against nonparty). Moreover, at this point, Plaintiff has not established a substantial likelihood of ultimate success on the merits of his claims. For these reasons, I **RECOMMEND** that the Court **DENY** Plaintiff's Motion for a Preliminary Injunction.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Amend, (doc. 25), Motion to Appoint Counsel, (doc. 22), and Motion to Compel Discovery, (doc. 26).

Additionally, I **RECOMMEND** that the Court **DENY** Plaintiff's Motion for Preliminary Injunction, (doc. 30).

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA