IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| EDDIE FRANK FLOYD, III, <br><br> Plaintiff, <br><br> v. <br><br> WARDEN DOUG WILLIAMS, <br><br> Defendant. | CIVIL ACTION NO.: 6:15-cv-103 |

**ORDER**

Before the Court are Plaintiff's Objections to the Magistrate Judge's July 26, 2016, Order and Report and Recommendation. For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections. Additionally, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court and **DENIES** Plaintiff's Motion for Preliminary Injunction, (doc. 30).

Plaintiff filed this cause of action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, *et seq*. Plaintiff contests certain conditions of his confinement at Smith State Prison in Glennville, Georgia. (Doc. 1.) The Magistrate Judge's Order and Report and Recommendation denied all of Plaintiff's Motions and recommended that the Court deny his Motion for Preliminary Injunction. (Doc. 31.) Plaintiff objects to each of these denials. (Doc. 33.)

A district judge must consider a party's objections to a magistrate judge's order on a pretrial matter. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, the district judge may modify or set aside that order, and reconsider the pretrial matter, only "where it has been

shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). "Clear error is a highly deferential standard of review. As the Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (internal citations and quotation marks omitted). "A decision by the magistrate judge is contrary to law where it fails to follow or misapplies the applicable law." Jackson v. Deen, No. CV 4I2-L39, 2013 WL 3963989, at *3 (S.D. Ga. July 25, 2013) (citation omitted).

Having reviewed Plaintiff's Objections, the Court does not find that the Magistrate Judge's Order was clearly erroneous or contrary to law. The Court **CONCURS** with the Magistrate Judge's analysis of Plaintiff's Motions and need not rehash that analysis. For all of the foregoing reasons, the Court **OVERRULES** Plaintiff's Objections to the Magistrate Judge's Order.

Plaintiff also objects to the Magistrate Judge's recommendation to deny Plaintiff's Motion for Preliminary Injunction. After an independent and *de novo* review of the record, the Court again **CONCURS** with the Magistrate Judge's analysis. Accordingly, the Court adopts the Report and Recommendation as the opinion of the Court and **DENIES** Plaintiff's Motion for Preliminary Injunction.

**SO ORDERED**, this 22nd day of September, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

2